The case for argument this morning is 13-3134 White v. SSA. Help me with the pronunciation of your last name. Good morning. My name is Victor Farrugia and it's my honor to represent Administrative Law Judge Charlotte White, who is here in court today. She has a 40-year career of federal service from 1973 to 1990. She was with the NLRB as a trial specialist. And from 1990 to present, she's been an Administrative Law Judge in Mobile and in New Orleans. The issue here is whether the agency violated the Whistleblower Protection Act as amended by the WPEA. When Judge White made some disclosures, one in a judge's meeting that started in April of 2009. The timeline in this case is very important because this case stretches through four years, from 2009 to 2013. And in the midst of that, the amendment to the WPEA became effective December 27, 2012. But am I wrong? I mean, there's a lot of back and forth in the briefs about whether or not the WPEA applies to the WPA. But the heart of this case is whether the issue of whether or not a disinterested observer, with knowledge of the facts, would have reasonably believed that there was a violation, gross mismanagement, etc. And that requirement is the same requirement in both statutory provisions, is it not? That is correct. So why don't you turn to that? And it seems to me that at the top of your list there is this allegation, this argument, that there was something improper about these contracting employees and so forth. Yes, yes. And I guess I'm having a hard time going through everything you've said in the records, figuring out precisely what the problem is. I mean, besides a policy disagreement, I don't like this, or I think it's unfair to employees, where the legal issue or the rule or whatever that allegedly violated, what that is. Okay, Your Honor, I'd be happy to address that. The meeting, it was a judge's meeting, that's how all this got started, on April 9th, 2009. And at that meeting was a regional chief, Park Saunders, the hearing office chief, Judge Boisson, Judge White, Judge Chambers, and a couple others. And at that meeting, towards the end of the meeting, the regional chief, Park Saunders, says, anybody have anything else? Well, Judge White says, yeah, I do. The virtual hearing reporters, VHRs, are not being properly paid. Recently, you have cut their pay for a no-show from $40 to $5. And we're having trouble getting them to come to our hearings because of such a low pay. Okay, if that's the issue, then, let me stop you there. Isn't that purely a policy dispute? I mean, I think you ought to, you know, I could say here, somebody could say to me, I think we ought to be paying our judicial assistants more. Or, I mean, that's not a violation of law, rule, regulation, gross management, or gross abuse of funds, because people have a distinction as to whether or not these employees are treated fairly or ought to be treated better. Right? Your Honor, if it stopped there, I would agree with you. But it didn't stop there. Because right after that, Judge Park Saunders says, well, I reduced their pay so that it appears to the IRS that these are independent contractors and not employees. That was an admission against interest. That's why she did it. It was right there in the meeting. It's verified by the other judge, Judge Chambers, that was there. So, when she admits that, hey, I'm doing this to get over in the IRS to make sure that they're independent contractors and not employees. Is that contested? My understanding is the other side will get up and say, that's not exactly what Judge Park Saunders said. Exactly. It is contested. We have two witnesses. Was there a credibility finding? Love? The administrative law judge ruled against us. So, you know, I don't think he actually Well, that's the problem. Is it not given a very high standard of review with respect to credibility determination? Well, that's correct, Your Honor. So, where does that leave us? If we have to affirm on a credibility determination by the AJA, what does that leave us on the record in terms of what went down in that particular meeting on these allegations? Okay, well, one of the problems is when this case, she also appealed to the Office of Special Counsel on this particular issue. And Office of Special Counsel, and she's entitled to that review. And that was done still in 2009. A few months later, she filed a complaint with Office of Special Counsel. Office of Special Counsel said, we're not going to look at this because under Horton, the Department of the Navy, we don't consider these whistleblowing disclosures when it's with the wrongdoer, him or herself. We don't consider that a disclosure under the WPA. Well, Horton, the case they cited, was overruled by the… That's not on appeal now. I mean, what the Special Counsel said or didn't say has no relevance to what we do here, right? I mean, you're not asking us to reverse directly the Special Counsel's decision. I understand you're asking us to find protected disclosure, but you're not appealing that, right? That's not part of this appeal, but that was part of the record in this case. And it was also, you know, when the MSPB reviewed this, the law had been passed, but then there was the issue of retroactivity. No, I know. But that's why I wanted to get by all of that, because at least in my personal view, what it comes down to is our discussion of five minutes ago. Okay. We're talking about whether or not there was a protected disclosure under the standards that were the same for both statutory provisions. Okay. So why don't you continue to tell me what is there that we can see in the record as to why this question about what was going on with these independent contractors rose to the level of something that was a violation of a reasonable person would conclude was a violation of law versus management of funds, et cetera. Okay. Well, we do have in the record at page 1294, after, let's see, on the… Judge White also made a disclosure and a complaint with the, by filing a form 1211 whistleblower with the IRS. And that was on March 30th, 2010. And in that… I'm sorry, sir. 1290… Page 81294 you'd like us to look at? Yes. What specifically on this page? Okay. Well, this has 18 items that Judge White submitted to the IRS saying that these are really independent contractors and not, they're really employees and not independent contractors, and these are her reasons. And a reasonable person would say, well, yes, given all these reasons, this is a misclassification of these individuals. And if you look at number 11 in there of the list of 18, it talks about the change in the no-show pay by the agency. Now, that's not an independent contractor sort of a situation where the agency can say, well, this is, we're going to pay it, you know, take it or leave it. And she had all these reasons for believing… Well, I guess I'm not clear where these reasons get you. I mean, 11 strikes me as I read it that this is a statement of fact. They decreased their pay to $5 for a no-show hearing. I guess, for me, I'm sorry. I guess building on Judge Probst's question, the hard thing for me is where is the law that would tell me that these 18 points tend to establish that they should be treated for IRS purposes as independent contractors rather than employees? Because I read some of these 18, and I'm just not sure why they point one way or the other. I am not an employment lawyer, so I don't understand the differences, and nor have you taught me anything in terms of the differences about when someone for tax purposes should be treated as an independent contractor versus an employee. So an objective observer reading these without knowing what the law is wouldn't necessarily, it seems to me, be taken to the conclusion that what they're doing is illegal. That's my problem. My problem is I don't understand how these 18 factors tend to establish under what law that these people should have been declared as independent contractors rather than employees. Okay, Your Honor, there's case law that has said these are the factors, independent contractor, and do they set their own hours? Do they set their own pay? Do they have set hours every day, or can they do it on their own? There's case law on it. I'm not sure there's statutory law on it, but I know there is case law on it. And basically, it's who, you know, are they treated like employees by telling them how to do what they're doing, when to do it, and how much are they getting paid? You do that same thing with independent contractors. Here's my problem, right? I mean, I hire an independent contractor to come in and put shelves in my office. Well, I'm going to tell him how to do it, where to put them, when he can come, what hours I want him there. I mean, I don't understand how that creates a distinction between the employee and the contractor. Well, the difference is you can say, well, I'd like you to come here, but he's an independent contractor. You say, well, I can't make it then. I can only do it here, and this is what I want, and take it or leave it. You know, that's independent. But, you know, with the court purported situation, they had no power to do that. So why would reducing their pay be illegal or problematic? Or maybe you're saying that wasn't illegal. It was just indicative of her desire to misrepresent to the IRS. I'm trying to make sure I totally and completely understand the argument you're making. Because I don't see anything illegal about renegotiating someone's pay for no show. Exactly. But it was when she said that this is why I'm doing this. So it looks to the IRS like these are independent contractors and not employees because we're changing the pay. But that's taking us back to where we were a few minutes ago. That's the credibility. And this does, on this page, it parrots the argument that she admitted that she intentionally and deliberately cut them to misrepresent the IRS. But if the ALJ, the AJ, has concluded that that statement by Judge White is not to be credited, then we're left. Well, there are other things that happened in the meeting. Besides, this was just one thing. The other thing is they're moving the meetings, more of the hearings to HOMA to accommodate the Chief Judge Bosson because he lived in HOMA. But that's not, I mean, your only potential point here is this IRS thing. Because moving the hearings from one place to another, even in your brief, you only repeatedly allege, let's see, in your brief on page 28, that this amounted to wasting money. But that's not what the statute requires. The statute requires a gross waste of funds. And you never allege anything like that anywhere, in any pleading, in this brief or anywhere. So I don't see how that would be a protected disclosure. People make decisions all the time that might waste money. I wasted a few paper clips here and there. That's not what the statute requires. The statute says protected disclosure has to be a gross waste of funds. And you don't even make an allegation of that with regard to moving the case hearings. That's correct, Erin. That's correct. I believe it's a waste of funds. I don't believe it's a gross waste of funds. So I think we are back to the IRS situation in that meeting. But it went on to what happened after that. It wasn't just, you know, why are you moving all the hearings up there to favor Judge Bosson. It was also, well, you know, you prove it, is what the Chief Judge said. You prove it. Well, you know, I can go to Senator Vitter to prove it. And she said, well, don't you dare go to Senator Vitter. And, you know, and then we have Judge Chambers verifying that those things came up and were said. So there's, you know, more to this case. And the main thing is the judge didn't, the administrative law judge did not analyze this case properly under the Carr case. I mean, he did it as a straight retaliation employment case. And he just didn't use the right standard. And even the MSPB said, well, he did use the right standard, but it didn't matter. Right, because he's got the MSPB decision. Right, right. But it did matter that the prior fact did not, they didn't get to the point of, well, once there is a disclosure, a protected disclosure, then, you know, they have a burden of clear and convincing evidence that they would have taken this action, this same action, if there was no disclosure, which they never got to that. They can't do that because it all started with this disclosure. And it wouldn't have, none of this would have happened without this disclosure. Absolutely. Why don't we hear from the other side in a moment for a minute for a photo, if you need it. May it please the Court. In this case, the Merit Systems Protection Board reasonably determined that Judge White did not have a reasonable belief that the information that she discussed at the April 9, 2009 judges' meeting evidenced a violation of any law, rule, regulation, or was a gross waste of time. What would be enough facts to establish a reasonable belief? The test directs you to consider the facts that are known to the employee at the time and the facts that are reasonably accessible to the employee at the time. In the three items that she brought up at the meeting, if we take the first one, for example, she didn't, what the board said was she didn't provide any rationale that showed that there could be a violation of any law, rule, or regulation. It was, what's very important to understand is that it was undisputed that these court reporters were paid pursuant to their contracts. They were paid an hourly rate of $40 an hour pursuant to the contract. It was reduced to $5 an hour if there was a cancellation of the hearing. What was missing is she would have had to somehow show that or give some indication that that would be a violation of some law, rule, or regulation. Some sort of rationale, but that's totally absent in this case because it was undisputed that these court reporters were paid pursuant to contract. There was testimony, also I think it really, this is a factual finding by the board. A factual finding of the board that Judge White did not have any reasonable belief. The determination of whether something is a protected disclosure, is that a pure question of fact? Is it a pure question of fact? That's my question. I would say no. Certainly, because it involves legal concerns also. But here... So it's a question of law based at least in part on underlying fact questions to the extent there are any? Is that the right way to understand it? I think the way, I think the court should look to this court's decision in Frederick v. Department of Justice, where this court said that whether someone has a reasonable belief is a question of fact. To be determined on the evidence in the record. And that evidence, especially in this case, includes not only Judge White's testimony, but it includes the testimony of the regional judge, Judge Park Saunders. And she testified with respect to this judge's meeting that she did not have anything to do with the pay of court reporters. She explicitly denied the allegation that she was setting the pay. Or that she had any influence at all on the pay. Rather, the pay was set by the contracting officers who negotiated the contract. But I don't see any credibility determination either in the ALJ or in the MSPB regarding what was said at the April 9th meeting. And in particular, whether Park Saunders said that the pay was being changed in order to misrepresent to the IRS, whether or not they were independent contractors. Can you point me where, either in the ALJ's report or in the board's order, there is an actual credibility determination that says we don't believe she said that. Because there are two judges that say she did. And then I don't really read her testimony as completely disavowing that. And I don't see any credibility determination that was made. I don't see any fact findings at all on this point, to be honest with you. So show me where they exist in this record. Okay. I understand. But first, I did want to say that the testimony is disputed. It is in conflict. I understand, but we have to review. You want me to defer to fact findings. So show me where there's a fact finding that favors the government's position on that testimony. Well, with respect to the board's decision. Their only discussion is on page 13, right? Yes, I'm on 13. And it doesn't say anything in particular, does it? About credibility or who said what or anything like that. Well, I would point you to the sentence for the same. This is on page 13. For the same reason, the respondent failed to establish that she reasonably believed that Park Saunders illegally cut VHR pay in order to represent to the IRS that VHRs were independent contractors. Yes, but the importance of that sentence is that she didn't they find that she didn't believe that cutting their pay was illegal. Well, they basically admitted that throughout this whole proceeding. I mean, the opposing counsel stood up and said this wouldn't be a WPA issue if we were just talking about cutting pay. The reason it's a WPA protective disclosure is because the heart of the disclosure is that she was misrepresenting their status to the IRS to avoid paying taxes on them. And so that is what I understand him to be arguing throughout this case is the issue. I don't see how this sentence goes to that issue. The reason it, well, it may not go to it as you see it, but it goes to it in the sense that Judge White asserted that Judge Park Saunders cut the pay. Yes, in order to misrepresent their employment status to the IRS, right? Right, that's what she said. The sentence isn't a fact-finding relevant to whether or not she was doing something to make a misrepresentation. It says, doesn't reasonably establish that Park Saunders illegally cut VHR pay. Well, it's not illegal to cut their pay. She can do that, can't she? What Judge Park Saunders testified was that she didn't cut the pay at all. That she had nothing to do with it. That the contracting officers set the time. Again, we're sort of just passing the night here. I don't see either of the, there's only two sentences in this entire board opinion that go to this. And I don't see either of them as making any credibility determination to which I could possibly give deference. I don't see either of these sentences being a credibility determination regarding what actually was said or did occur at that April 9th meeting. And so I'm looking to you to tell me if I'm wrong or is there somewhere else in the record. Because I read all of the, whatever, 90 pages of the ALJ's opinion too. And likewise, I don't see any credibility determinations there regarding what was, or even any fact findings regarding what was said at the April 9th meeting. There is a credibility finding. I would say that it's inherent. I'm referring to page 55, the joint appendix, the ALJ's factual finding number 212. Where he credits Judge Park Saunders. He says, Judge Park Saunders maintained. I'm sorry, you're in page 55, you said? I'm using page 55, factual finding 212 at the top of the page. And this is a finding of the ALJ. He says, Judge Park Saunders maintained that the court reporters were independent contractors and their pay was in accordance with their contract. And that's based on her testimony that I just went through. No, he's reporting what she said. That's not a fact finding, right? She's saying Park Saunders maintained the following. She's saying what Park Saunders testified to, or this ALJ is. The ALJ is not saying, I find that Park Saunders is the more credible testimony and therefore adopt it. It's not a fact finding. It's a fact finding regarding what she testified to, not a fact finding agreeing or accepting that testimony. It's a fact finding as to what she said. It is at least a fact finding as to what she said at the meeting. No, it's a fact finding as to what she maintained. What she, no. Is it Park Saunders maintained that the court reporters were independent contractors, and then he cites their transcripts. With all due respect, I think these, if you look at the whole decision, these are extensive fact findings. Then it starts on page 54 with fact findings with regard to the judge's meeting. When it says that Judge Park Saunders maintained, that is a fact finding that she, in fact, said that at the meeting. That is crediting her testimony that she said that at the meeting. Okay. In addition to what was disclosed on April 9th, wouldn't the disclosure at 1292 to 1294, the application of the IRS submission, I don't know what to call it particularly, but the IRS submission regarding the status, whether it be independent contractor or employee status, isn't this also a protected disclosure, potentially? I mean, it's not just what she said April 9th, because this document also pre-existed or predated her suspension, correct? It predated the filing of charges. Yes. Okay. I understand her attorney, and correct me if I'm wrong, to be referring to this document as well as a protected disclosure. Yes, and the board also assessed it. This document is Exhibit 32, and so when the board addresses Exhibit 32 on page 13, they are addressing that document. We actually think that that document supports the government's point of view, because in that document, Judge White makes very clear that it's undisputed that these court reporters are serving pursuant to contract. They're serving pursuant to the terms of their contract, the $40 per hour and the $5 per hour in the event of a cancellation. With respect to the second, can I go on to the second issue? I'd really rather you sit. So why, I guess, so your view is that you don't, the government's view is that this document doesn't establish to an ordinary observer, a reasonable person, that the court reporters were being improperly represented to the IRS as independent contractors rather than employees. Yes, yes, and especially because it's undisputed that these court reporters were paid pursuant to the terms of their contract. So is the issue at stake here not necessarily the question of whether the IRS misbelieved that these hearing reporters are contractors versus employees, because in fact they were being paid under contract. The real question is whether SSA was doing something illegal by hiring these people under a contract versus hiring them as full-time employees. Is that the real crux of the matter? I think the crux of the matter is that the employee, it's Judge White's burden on this retaliation defense. I guess the point is if Park Saunders had said, yes, I want to make it very clear to the IRS that these are contractors, not employees, and so I'm cutting their pay. Whether she said it and used the magic word misrepresent, the fact of the matter is they were under contract. So for the IRS to be led to believe that they were hired under contract would be an absolute accurate reflection of reality. So maybe the real question here as to what is potentially a protected disclosure, what is potentially the whistleblower trying to stop is a purportedly illegal practice of hiring these hearing reporters as contractors rather than as employees. Right, she would have to provide some sort of a rationale, and the board found that she had no rationale at all, no explanation why this was illegal in any way. And that goes back to what the board was saying when it said that there weren't any legal citations to establish why a reasonable person would conclude that this particular hiring practice for this class of people is improperly being done under a contract versus needing to be done through the normal employment practice. Yes, I'm going to ask a dumb question. So just because they're hired under contract, that makes them independent contractors? I don't understand that part because I thought that there was just a bunch of court cases that say you look at the nature of how they're getting paid, the level of supervisory authority. I thought that there were a bunch of cases that did articulate a lot of factors that you would look to to ascertain whether someone is an independent contractor or an employee for tax purposes and otherwise. Just the fact that they're hired under a contract that happens to say they're independent contractors, I don't know, does that make the difference? It certainly, it's a very important factor. And here there was no showing of any rationale, any supporting legal rationale why there was any illegality at all involved. Well, but she points to all these factors like virtual hearing quarters receive very specific instructions regarding when, where, and how to perform their job. Things like that. I understood that that's one of the factors, isn't it, that goes into deciding whether somebody should be treated as an independent contractor versus an employee? I mean, aren't there lots of cases that are directly on this point that talk about kind of some of these? I'll admit to you, I don't understand the relevance of every one of her 18 factors, but aren't there cases, I mean, that point to these being indicia of employment status rather than contractor status? If there were, that's the type of information she should have been providing during the course of the hearing to the administrative law judge and to the board. What the board found was that there was no rationale provided indicating that there was any illegality and that these employees were paid pursuant to their contract, exactly as the contract provided. And I did just, just in case it's not clear, I mean, Judge Park Saunders disputed and contradicted her testimony of Judge White with respect to whether Judge Park Saunders was an independent contractor. I don't think Judge Park Saunders had anything to do with this at all. Just so I understand the quantum of evidence the government believes is necessary to establish a reasonable belief that some wrongdoing is being done by the government, what if Judge Park Saunders here had told Judge White, can I borrow your pickup truck because I want to go into the storage closet and take all the toner cartridges and sell them so I can make a profit. That would qualify if then Judge White went and disclosed that. That would be a protective disclosure, right? If she, I'm not sure I heard. Stealing. Oh, if she stole it, I thought she said borrow. If Judge Park Saunders was stealing toner cartridges. Okay. That would be a, give rise to a protective disclosure. Yes, I think one way to look at it. You wouldn't need anything more than that. I think what the court has said is that this is a factual matter. And so what you're going to need is going to depend upon what's really at stake. For example, if you have a, I think this supports what you're saying, that if you have a very easy case where stealing or somebody is, definitely is a government employee, but that employee, the government refuses to pay. For example, if I work tomorrow and they refuse to not pay me tomorrow, which is absolutely clear, then maybe that might be sufficient. So it really depends upon what's at stake. And here, this is not an easy matter. Can I ask you a question? So I'm on Google at the moment, thank you to my law clerk, who sent me on the IRS's website their 20-factor test to determine whether someone is an independent contractor versus an employee for reporting purposes. I can't really respond to that because I don't know what's on the website. I understand, but it's the IRS's 20-factor test. I guess my question is, for something to be a protected disclosure, does the whistleblower have to identify the actual law that's being violated? Or is it enough, sort of as Judge Chen's example provided, to allege that what's being done here is illegal, it's improper, you're doing it wrongly? And do you have to be able to point to? I mean, now I find there actually is a 20-factor test on the IRS website. None of you all told me that. It's not part of this record. I get it. But my point is, isn't it a little too high a standard to expect the employee, who often is not a lawyer, to be the person to identify the specific law that's being violated? Isn't it enough to allege the facts which would give rise to that legal violation? Again, as I said, I think it really depends on the facts of the case. If you have a very simple case, for example, stealing, but if you have a more complex case like this, where all of the evidence indicates that these court reporters are being paid properly, pursuant to the terms of their contract, and there's not anything at all that indicates that Judge Clark Saunders has anything to do with this, because they're paid pursuant to contracts negotiated by the contracting officers. In that kind of situation, Judge White had to provide something more. She had to provide either citations of legal authorities or something that shows that there is some illegality. Here, all that the record shows is that people were being treated properly. I see I'm over my time. I think we have your argument. Thank you. The court has nothing else. Thank you. We'll let three minutes just keep things even for your rebuttal. Excuse me, ma'am? We'll give you three minutes for rebuttal to keep it even, because we went ahead with the government. Okay. Thank you, Your Honor. The one point I'd like to make is that Judge Clark Saunders did not say anywhere in the evidence that she didn't change the pay rate. All it does is she maintained that they were being paid by contract, but if she can change the contract at her whim and say, no, you're not getting $20, you're not getting $40, you're getting $5, they're still being paid by contract. So, in the facts, I think if you look at the record, it doesn't say that I didn't change the pay from $40 to $5, which I believe is what counsel is representing to the court. I don't believe that's the case. And is your contention that she didn't have the legal authority to do that? No, no, she didn't. Oh, she did it. No, we're saying she did it. She had the legal authority to do that, so what is the violation here? The violation is why she was doing it. She admitted that this is why I'm doing this. But she did change the rate, and what opposing counsel was saying is that Clark Saunders said, oh, no, they were being paid by contract. Everything is legal. They're being paid by contract. But it doesn't say in the facts that I didn't change the rate. She did change the rate, and that's what everyone was complaining about because the court reports started not showing up anymore. Okay, so that's just, you know, why it came up. I don't understand. I think that you may be wasting your time here on this argument because I'm not sure I fully understand it. Is it relevant who was the person that cut the pay? I mean, I understood her complaint to be we are illegally reporting to the IRS that these people are independent contractors in order to avoid paying taxes on them, period. That's correct. It kind of doesn't matter who changed their pay or why, right? That's the nature of her underlying complaint, isn't it? That's correct, and that is clearly shown in the document that she sent to the form 211 she sent to the IRS. So I believe that there is a protected disclosure here. I believe that that changes all the analysis that the ALJ did at the trial level because then they wouldn't have to go to the, you know, three-part burden-shifting analysis, which neither the administrative law judge or the MSPB did. So I think this is a case where... regardless of the disclosure, right? I believe that's correct, Your Honor. And the action they took was a 45-day suspension in light of a lot of different instances of improper behavior. Well, I think that if the court has an option of removing the disciplinary action or remanding it to having a new hearing based on using the proper analysis by both the judge and the MSPB, and now we have an amended Whistleblower Protection Act, that makes these disclosures a little easier for the whistleblower to be protected. Thank you. Time has expired. Thank you. Thank you.